# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-20360
Summary Calendar

---

United States Court of Appeals
Fifth Circuit
**FILED**
November 21, 2022
Lyle W. Cayce
Clerk

Freddie Robin Edwards,

*Plaintiff—Appellant*,

*versus*

Harris County,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-170

---

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

Freddie Robin Edwards, now Texas prisoner # 02399127, appeals a final judgment dismissing his 42 U.S.C. § 1983 complaint. He has also filed a motion to supplement the record on appeal.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20360

At the time Edwards filed his notice of appeal and moved for leave to proceed in forma pauperis (IFP) in this case, he was incarcerated and had on at least three prior occasions while he was incarcerated, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief could be granted. *See Edwards v. Rosenberg*, No. H-08-0528, 2008 WL 636619, 1 (S.D. Tex. Mar. 5, 2008) (unpublished); *Edwards v. Texas*, No. 1:00-cv-429 (W.D. Tex. Aug. 30, 2000) (unpublished); *Edwards v. Nuchia*, No. 97-20033, 1997 WL 681246 (5th Cir. Oct. 22, 1997) (unpublished). Edwards is therefore barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). There is no allegation, nor does the record reflect, that Edwards was under imminent danger of serious physical injury when he filed his notice of appeal or IFP motion. *See id.* Thus, the district court improvidently granted him leave to proceed IFP on appeal.

Accordingly, Edwards's IFP status is decertified and the appeal is dismissed. Edwards has 30 days from the date of this opinion to pay the full appellate filing fee to the clerk of the district court, should he wish to reinstate his appeal. His motion to supplement the record on appeal is denied.

IFP DECERTIFIED; § 1915(g) BAR IMPOSED; MOTION DENIED; APPEAL DISMISSED.